IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| PEGGY RENEE COCKRELL, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Case No. 11-2149 |
| HARTFORD LIFE AND ACCIDENT | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant | ) |

**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

Before the Court is Plaintiff Peggy Renee Cockrell's ("Cockrell") October 17, 2012 Motion for Attorney's Fees ("Mot.") and accompanying Memorandum of Law Supporting the Motion ("Cockrell Mem."). (See ECF Nos. 33 and 34.) Defendant Hartford Life and Accident Insurance Company ("Hartford") filed a Brief in Opposition to Plaintiff's Motion for Attorney's Fees ("Resp.") on November 5, 2012. (See ECF No. 35.) For the reasons below, the Court GRANTS Plaintiff's Motion.

I. **Facts and Procedural History**

Plaintiff Cockrell brought suit against Defendant Hartford to recover long-term disability benefits under 29 U.S.C. § 1332(a), §502 of the Employee Retirement Income Security Act of

1974 ("ERISA"). (See ECF No. 1 ("Compl.").) Cockrell's assertion of disability and the grounds for her suit are discussed in the Court's September 30, 2012 order granting Cockrell's Motion for Judgment as a Matter of Law and remanding the case to Hartford for further consideration. (See ECF No. 31.) Shortly after entry of that order, Plaintiff moved for attorney's fees in the amount of $23,725.00 pursuant to 29 U.S.C. § 1132(g)(1). (Mot. ¶ 6.) Plaintiff's counsel waives all expenses incurred in this matter and seeks no reimbursement for them under § 1132. (Waggoner Aff., ECF No. 33-2.)

Cockrell invokes the five-factor test adopted by the Sixth Circuit in <u>Secretary of Department of Labor v. King</u> to support an award of attorney's fees. (Cockrell Mem. 4-5); 775 F.2d 666, 669 (6th Cir. 1985) (establishing the five-factor test). Hartford argues that Cockrell is not entitled to attorney's fees under the five-factor test because the relevant factors are neutral or weigh against an award of fees. (Resp. 3-4.) Hartford asserts that, if Cockrell is awarded fees, the amount should be adjusted downward to reflect a reasonable amount proportional to Cockrell's success on the merits. (Resp. 5-7.)

## II. Standard of Review

Section 1132(g) of Title 29 provides that a district court has discretion to award attorney's fees in an ERISA action:

> In any action under this title . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

29 U.S.C. § 1132(g)(1). In Hardt v. Reliance Std. Life Ins. Co., the Supreme Court established a threshold for recovery under §1132(g)(1):

> [A] fees claimant must show "some degree of success on the merits" before a court may award attorney's fees under § 1132(g)(1). A claimant does not satisfy that requirement by achieving "trivial success on the merits" or a "purely procedural victor[y]," but does satisfy it if the court can fairly call the outcome of the litigation some success on the merits without conducting a "lengthy inquir[y] into the question whether a particular party's success was 'substantial' or occurred on a 'central issue.'"

130 S. Ct. 2149, 2158 (2010) (quoting Ruckelshaus v. Sierra Club, 463 U.S. 680, 694 (1983)) (internal citations omitted). Before Hardt, courts in the Sixth Circuit applied the five-factor test established in King (known as the "King Factors") when deciding whether to award fees. Heath v. Metro. Life Ins. Co., 2011 U.S. Dist. Lexis 101504, at *6-8 (M.D. Tenn. Sept. 6, 2011). The King Factors are:

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions.

King, 775 F.2d at 669. The Supreme Court in Hardt analyzed a five-factor test used by the Fourth Circuit that was identical

3

to the test in King and held that the Fourth Circuit test was not required. The court said, however, that it "do[es] not foreclose the possibility that once a claimant has satisfied [the threshold] requirement, and thus becomes eligible for a fees award under ERISA § 1132(g)(1), a court may consider the five factors." Hardt, 130 S. Ct. at 2158 n.8. Since Hardt, courts in the Sixth Circuit have continued to consider the five-factor test when deciding whether to award attorney's fees, and this Court will apply the test as a guide in exercising its discretion. See, e.g., Heath, 2011 U.S. Dist. LEXIS 101504, at *9; Reese v. CNH Global N.V., No. 04-70592, 2011 U.S. Dist. LEXIS 70607, at *9-11 (E.D. Mich. June 30, 2011); Loan v. Prudential Ins. Co. of Am., 788 F. Supp. 2d 558, 562-65 (E.D. Ky. 2011).

### III. Analysis

#### A. Degree of Success on the Merits

To earn a fee award, Cockrell must have had "some degree of success on the merits." Hardt, 130 S. Ct. at 2158. Cockrell fails to address this threshold requirement. Post-Hardt case law from the Sixth Circuit informs the Court's discretion. In McKay v. Reliance Std. Life Ins. Co., the Sixth Circuit decided that the Hardt threshold requirement of "some degree of success" had been met by a plaintiff who had not yet won his benefits claim, but had received "another shot" at benefits by winning a

4

remand. 428 Fed. Appx. 537, 546-47 (6th Cir. 2011) *aff'g* McKay v. Reliance Std. Life Ins. Co., 654 F. Supp. 2d 731, 733-36 (E.D. Tenn. 2009). Since McKay, other district courts in the Circuit have reached the same conclusion. E.g., Hayden v. Martin Marietta Materials, Inc., 2012 U.S. Dist. LEXIS 156880, at *9 (W.D. Ky. Oct. 30, 2012) ("[I]n the Sixth Circuit, a remand constitutes 'some success on the merits' thereby making an award of attorneys' fees and costs available under § 1132(g)(1)."); Mullins v. Prudential Ins. Co. of Am., 2012 U.S. Dist. LEXIS 43723, at *8 (W.D. Ky. March 28, 2012) ("We conclude under the facts of this case that the remand ordered by this court constituted 'some degree of success on the merits,' thus rendering the plaintiff eligible for an award of attorneys fees."); Bio-Med. Applications of Ky., Inc. v. Coal Exclusive Co., LLC, 2011 U.S. Dist. LEXIS 91187, at *7 (E.D. Ky. Aug. 15, 2011) ("The [McKay] court determined that the remand satisfied Hardt's standard for 'success.'"). Cockrell "achieved far more than trivial success on the merits or purely a procedural victory" when she persuaded this Court that Hartford's decision was arbitrary and capricious and that it should not be upheld under ERISA. Hardt, 130 S. Ct. 2149 at 2159 (internal citations omitted). She has met the threshold requirement and is eligible for attorney's fees under §1132(g)(1).

**B. Five-factor Test**

The King Factors guide the exercise of judicial discretion when awarding attorney's fees. "Because no single factor is determinative, the court must consider each factor before exercising its discretion." Schwartz v. Gregori, 160 F.3d 1116, 1119 (6th Cir. 1998).

**1. Culpability or bad faith**

This Court questioned Hartford's review process in its opinion remanding for further review of Cockrell's eligibility for long-term disability benefits. Hartford relied on the opinions of physicians who conducted only paper reviews of Cockrell's case rather than the opinions of Cockrell's treating physicians, Hartford failed to take adequate account of the disability determination made by the Social Security Administration, and Hartford failed to explain its rejection of that determination adequately. (ECF No. 31.) The Court concluded that "Hartford's benefits determination was not the product of a deliberate, principled reasoning based on substantial evidence." (Id. 30.) It is not necessary to decide whether Hartford's actions rise to the level of bad faith because Hartford is culpable for its cursory review of Cockrell's claim. The Sixth Circuit has concluded that this level of culpability is significant. See Moon v. Unum Provident Corp., 461 F.3d 639, 643-44 (6th Cir. 2006) (reversing the district court and weighing the culpability factor in favor of

6

awarding attorney's fees where the administrator's physician was employed by the defendant and conducted only a paper review that failed to take into account treating physicians' opinions); see also Heffernan v. Unum Life Ins. Co. of Am., 101 Fed. Appx. 99, *109 (6th Cir. June 11, 2004) (unpublished opinion) ("An arbitrary and capricious denial of benefits does not necessarily indicate culpability or bad faith. However, in this case, [Defendant] ignored overwhelming evidence of [Plaintiff's] disability, and, instead denied her claim based on a theory that lacked legitimate foundation."). Because of Hartford's culpability, the first factor favors an award of attorney's fees.

**2. Ability to satisfy award**

Hartford does not dispute that it has the ability to pay an award of fees. (Resp. 3.) Hartford notes that this factor has been used by courts in the Sixth Circuit for exclusionary purposes. (Id., citing Warner v. DSM Pharma Chems. N. Am., Inc., 452 F. App'x 677, 681-82 (6th Cir. 2011)). The factor "is clearly not dispositive by itself and must be weighed alongside the remaining King factors in determining the merits of a fee award." Elliott v. Metro. Life Ins. Co., 2007 U.S. Dist. LEXIS 38893, at *9 (E.D. Ky. May 29, 2007); see Firestone Tire & Rubber Co. v. Neusser, 810 F.2d 550, 557-58 (6th Cir. 1987).

Although Hartford's ability to pay in a case of this nature may not carry the greatest weight, this factor favors a fee award.

### 3. Deterrent effect

The deterrent effect of a fee award in a case of this kind is likely to be significant because the Court finds Hartford culpable. Cockrell argues that an award of attorney's fees will "deter ERISA claims fiduciaries from performing cursory investigations that lead to denial of benefits." (Cockrell's Mem. 5.) It is clear that awarding attorney's fees in this case would deter future arbitrary and capricious conduct. See McKay, 654 F. Supp. 2d at 738 (finding specific and general deterrence due to defendant's arbitrary and capricious conduct). Such an award would favorably affect the process by which fiduciaries conduct reviews of long-term disability claims by encouraging them to provide full and fair reviews of all claims or suffer the consequences of paying more than the amount of benefits originally denied. This factor favors the award of fees.

### 4. Common benefit

Although there is no evidence that Cockrell brought this ERISA action in an attempt to confer a benefit on other participants or to resolve a significant legal question regarding ERISA, she contends that "it would benefit all future participants of the ERISA plan to have Hartford's benefits determination made on deliberate, principled reasoning as

8

opposed to cursory investigation." (Cockrell's Mem. 5.) Hartford argues that Cockrell's contention is insufficient because she filed the action to recover disability benefits denied her and because "any benefit conferred on future claimants was merely 'incidental'" to her claims. (Resp. 4 (quoting Thies v. Life Ins. Co. of N. Am., 839 F. Supp. 2d 886, 893 (W.D. Ky. 2012)).)

Courts in the Sixth Circuit have concluded that, when a plaintiff brings suit solely for personal benefit, she does not seek to confer a common benefit on all plan participants. (See, e.g., Gaeth v. Hartford Life Ins. Co., 538 F.3d 524, 533 (6th Cir. 2008) (noting that the effect of discouraging plan administrators from "making similarly unreasonable decisions in the future" is a deterrent effect and does not constitute a "common benefit" for purposes of the King analysis); Shelby County Health Care Corp. v. Majestic Star Casino, LLC Group Health Benefit Plan, 581 F.3d 355, 378 (6th Cir. 2009) ("Where a claimant seeks benefits only for himself, we generally have found the common-benefit factor to weigh against an attorney-fee award."); Hayden, 2012 U.S. Dist. LEXIS 156880, at *16-17 ("Although the Court's findings in its decision to remand might be useful to plaintiffs in future cases, there is no indication that Plaintiff sought to bring her case for that purpose. That is, any points of law resulting from this case that might

benefit other beneficiaries are merely incidental to Plaintiff's ultimate goal of obtaining the benefits of her policy for herself.")

Cockrell does not claim she brought suit to resolve significant legal questions regarding ERISA, nor would such a claim have merit given prior decisions in this Circuit. (See Gaeth, 538 F.3d at 533 (finding that a case in which the dispute is whether the insurer's decision to terminate benefits was arbitrary and capricious does not turn on the resolution of a difficult ERISA question); Mullins, 2012 U.S. Dist. LEXIS 43723, at *12 ("[Plaintiff's] suit was filed and litigated for his personal benefit. No new legal ground was broken here."). This factor weighs against awarding attorney's fees.

### 5. Merits of the case

Cockrell's position is stronger than Hartford's because Hartford acted arbitrarily and capriciously in its decision to deny Cockrell benefits and did so in a culpable manner. (See Moon, 461 F.3d at 646 (finding that the merits factor favored a plaintiff whose long-term disability benefits were terminated arbitrarily and capriciously by a culpable party)). Hartford argues that the merits factor weighs against an attorney's fee award because this Court found there was no bias or conflict of interest in Hartford's review and that it was unclear whether Cockrell was entitled to benefits. (Resp. 4.) Hartford cites a

district court decision in which the court weighed this factor against an attorney's fee award because it found that the merits of the claimant's position were questionable and that there was a possibility that the plan administrator could ultimately prevail. Bowers v. Hartford Life & Accident Ins. Co., No. 2:09-CV-290, 2010 U.S. Dist. LEXIS 114663, at *13-14 (S.D. Ohio Oct. 19, 2010) (citing Gaeth, 538 F.3d at 534).

In Gaeth, the Sixth Circuit found that a district court could have weighed the merits factor against an award of attorney's fees in a case in which the insurer ultimately could have prevailed. 538 F.3d at 534. The court "noted, significantly, that the record contained minimal objective medical evidence of [the plaintiff's] continued disability." Id. (internal quotations omitted). This Court, although finding that Cockrell's entitlement to benefits was unclear and questioning the full extent of Cockrell's injuries, did not, in its remand, find that there was minimal medical evidence to support Cockrell's claim. The Court remanded the case because there was medical evidence that Hartford failed to consider adequately in its review. Cockrell's position is stronger than Hartford's and guides the Court in weighing this factor in favor of an award of attorney's fees.

The totality of the King analysis under the circumstances of this case favors an attorney's fee award to Cockrell.

11

### C. Fees to Which Plaintiff Is Entitled

Cockrell seeks a total fee of $23,725.00, representing the lodestar (hourly rate multiplied by the number of hours worked). (Mot. 2.) Cockrell's fee request is supported by an Exhibit containing the detailed invoice she received from her attorney ("Exhibit A"). (ECF No. 33-1.) Cockrell has also submitted an Affidavit of her attorney, Gerald D. Waggoner, confirming the invoice and stating his customary fee ("Exhibit B"), and an Affidavit of John L. Dolan, a Memphis-area attorney, supporting the fee award requested ("Exhibit C"). (ECF Nos. 33-2 and 33-3.)

Hartford has contested the reasonableness of the fee requested based on the allegedly excessive number of hours spent litigating the matter and the degree of Cockrell's success on the merits. (Resp. 5-7.)

#### 1. Reasonableness of lodestar figure

In determining a reasonable attorney's fee, it is well established that the "lodestar" approach is the proper method for calculating the award. <u>Building Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway</u>, 46 F.3d 1392, 1401 (6th Cir. 1995). When using the lodestar approach, "in which 'the number of hours reasonably expended on litigation [is] multiplied by a reasonable hourly rate,' . . . '[t]here is a strong presumption' that this lodestar figure represents a

12

reasonable fee." Heath, 2011 U.S. Dist. LEXIS 101504, at *23-24 (internal citations omitted).

Hartford does not challenge the hourly rate charged by Cockrell's attorney, but claims that the number of hours submitted for specific tasks is unreasonable. (Resp. 5-7.) Cockrell, the party seeking an award of attorney's fees, "has the burden of demonstrating the reasonableness of hours," and Hartford "has the burden of producing evidence against this reasonableness." Elec. Energy, Inc. v. Lambert, 2011 U.S. Dist. LEXIS 53018, at *12 (W.D. Tenn. May 17, 2011). "[T]he district court may reduce the award accordingly" if a fee applicant presents inadequate documentation of hours. Hensley v. Eckhart, 461 U.S. 424, 433 (1983). In reviewing claims for reasonableness, a court should exclude from its calculation hours that are "excessive, redundant, or otherwise unnecessary." Id.

Based on a review of the affidavits and the invoice submitted by Cockrell, a majority of the time documented in this case is reasonable. In all but a few instances, Cockrell has met her burden of demonstrating that the fee requested and hours spent are not excessive. Some time submitted was unnecessary.

Counsel for Cockrell submitted two entries of two hours each to prepare a motion to appear in forma pauperis, a summons, an application to proceed without prepaying, and the complaint.

(Exhibit A, Entries dated 02/24/2011 and 02/25/2011.) Four hours is not a reasonable time to prepare those documents. The paperwork for a motion to appear in forma pauperis and a summons is minimal, and counsel has separately reported spending 5.5 hours preparing a three-page written complaint. The entries dated 02/24/2011 and 02/25/2011 are redundant. The fee requested is reduced by $500.00, representing the elimination of one two-hour time entry.

The Court also finds that the time submitted for reviewing three surveillance videos is not reasonable. Cockrell's counsel recorded thirteen hours over a three-day period to review surveillance videos that contained a total of approximately one hour and ten minutes of video footage. (Exhibit A, Entries dated 01/03/2012, 01/04/2012, and 01/05/2012; Resp. 6.) The Court finds that excessive and concludes that five hours is a reasonable time to view and make notes on the surveillance videos. The requested fee is reduced by an additional $2,000.00, representing the elimination of eight hours.

2. **Reduction of fees due to plaintiff's "limited success"**

The appropriate lodestar figure in this case is $21,225.00. Hartford asserts that Cockrell should be awarded half the requested attorney's fee because obtaining a remand represents only partial success. (Resp. 6.) Hartford cites two unreported

cases from the Eastern District of Michigan in which courts reduced attorney's fee awards by fifty percent on finding that a plaintiff who seeks disability benefits but whose case is remanded for review has obtained only partial success and is entitled to a partial award of attorney's fees. See Weaver v. Dow Corning Corp., No. 07-CV-10984, 2009 U.S. Dist. LEXIS 75430, at *10-12 (E.D. Mich. Aug. 25, 2009); Blajei v. Sedgwick Claims Mgmt. Services, Inc., No. 09-13232, 2010 U.S. Dist. LEXIS 102793, at *37-38 (E.D. Mich. Sept. 28, 2010). Both of these cases were decided before Mckay, 428 F. App'x at 546-47.

Here, the Court granted judgment as a matter of law in Cockrell's favor. Although remand may not have been the relief initially sought, it was a form of relief in Cockrell's favor. This case is similar to Heath, in which a district court declined to award benefits, but remanded the case for further review. In its decision to grant the plaintiff full attorney's fees, the court noted that it remanded the case because factual issues were unresolved and that remand did not constitute "limited success" because it was, in part, the insurance company's failure to analyze the plaintiff's medical record adequately during its initial review that required the remand. The court reasoned that:

> It would seem absurd to classify the a [sic] decision to remand the case back to Defendant for further review as "limited success" in this situation: this would allow

15

> Defendant to benefit from a reduction in attorney fees when it was Defendant's failure to consider and adequately analyze the Plaintiff's medical record that made judgment in Plaintiff's favor impossible. It cannot be that an inadequate review that produces an insufficient basis for a benefits decision by the insurer or the court can result in a fee reduction due to the plaintiff's limited success in court.

Heath, 2011 U.S. Dist. LEXIS 101504, at *35-36.

Although this Court did not grant Cockrell's request for disability benefits, it did find that Hartford's denial of benefits was arbitrary and capricious. (ECF No. 31.) The Court questioned Hartford's determination and cited several deficiencies in Hartford's review practices that made its decision inadequate. The Court did not grant Cockrell disability benefits because factual issues needed to be clarified and Hartford's cursory review did not provide a proper basis for a benefits determination. Hartford may not benefit from a reduction in an attorney's fee award when it was Hartford's inadequate and cursory review that prompted this litigation. Cockrell, like the plaintiff in Heath, has achieved a level of success in securing a remand of her case that entitles her to an undiluted award of attorney's fees.

**IV. Conclusion**

For the foregoing reasons, Cockrell's Motion is GRANTED. Cockrell is awarded a reasonable attorney's fee of $21,225.00.

So ordered this 15th day of May, 2013.

                                                      <u>s/ Samuel H. Mays, Jr.   </u>
                                                     SAMUEL H. MAYS, JR.
                                                     UNITED STATES DISTRICT JUDGE